

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-6304
Re: Is it the duty of the County
Attorney to represent the
County Clerk when the clerk
is a necessary party, but not
an interested party to a suit?

Your recent request for an opinion of this department
upon the above stated question has been received.

Your letter reads in part as follows:

"The Housing Authority of the City of Del Rio,
Texas brought condemnation proceedings against the
owner of certain property. Various other persons
were joined as owning or claiming an interest in
and to the property. The special commissioners
were unable to determine the amount or portion of
the award that should go to the different owners
or claimants and ordered the full amount of the
award be deposited and held in the registry of
the Court until the true owners are judicially
ascertained and their interests adjusted."

"The principal owner is now seeking by proper
proceedings to establish his claim and have the
Court order said fund paid over to him by the
Clerk.

"Article 334, Vernon's Annotated Civil Statutes
provide as follows:

"The District and County Attorneys, upon
request, shall give an opinion or advice,
in writing to any county or precinct of-
ficer of their district or county touch-
ing their official duties."

"In view of the fact that the fund is merely being held by the clerk subject to an order by the Court for the benefit of the actual owner or owners; and since neither the State of Texas nor the County of Val Verde will be a party to the proceeding, Article 334 is apparently the only statute applicable.

"Does the fact that the County Clerk, in all probability, will be a nominal though necessary party to a suit, to establish the various interests in a fund deposited with said Clerk, disqualify the County Attorney from acting as attorney for the principal owner or claimant?"

There can be no question that one of the duties of a County Attorney is to give advice to county officers, when so requested, touching their official duties. It was so held in Gibson v. Davis, 236 S. W. 202, but it was also held in that case that the commissioners' court were not restricted to the employment of the County Attorney. It is well settled in this State that County and District Attorneys are required to perform only those duties which are imposed upon them by law. It therefore follows that where no duty is placed upon such County Attorney, then such county official or commissioners' court can contract with the County Attorney to represent him in the county in court on their mutual agreement.

His duty is to give the officials advice, when requested, and there his duty ends and he is under no obligation to represent the County Clerk in court even though the County Clerk was an interested party. Advice means that it is optional with the person addressed whether he will act on such advice or not (Hughes v. Von Bruggen, 105 Pac. 2d 494).

The clerk has an official duty to perform here: this duty being to pay over certain monies to the party or parties designated by the court. This is his only duty.

Along this line, this department also calls your attention to Article 339, Vernon's Annotated Civil Statutes, which reads as follows:

Honorable S. B. Buchanan, page 3

"When it shall come to the knowledge of any
district or county attorney that any officer in
his district or county entrusted with the collec-
tion or safe keeping of any public funds is in
any manner whatsoever neglecting or abusing the
trust confided in him, or in any way failing to
discharge his duties under the law, he shall in-
stitute such proceedings as are necessary to
compel the performance of such duties by such
officer and to preserve and protect the public
interests."

Thus a County Attorney has an additional duty to
perform in relation to county officials other than that of
giving of advice but this department feels that because the
primary duty of a county attorney is the prosecution of
criminal cases (Brady v. Brooks, 89 S. W. 1052), no duty
would lie upon a county attorney to represent each one of
the county officials in court other than the giving of
advice when so requested.

In this connection, we call your attention to Bryan
v. Lewis, 27 S. W. (2d) 604, wherein the court said that an
attorney may represent even adverse interests if not conflict-
ing with knowledge and consent of both parties. Under the
facts stated by you there would not be an adverse interest and
would not disqualify the county attorney from acting as attor-
ney for the principal owner or claimant.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jno. C. Knarpp
Assistant

JCK:ddt